IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Dwayne Towns (#2013-1231151), | ) ) ) ) |
| Plaintiff, | ) ) Case No. 15 C 1461 |
| v. | ) ) ) Judge John Z. Lee |
| Thomas Dart, et al., | ) ) |
| Defendants. | ) ) |

## ORDER

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders the trust fund officer at the Plaintiff's place of incarceration to deduct $14.33 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this Order. On the Court's own motion, on initial review pursuant to 28 U.S.C. § 1915A, the Cook County Department of Corrections and the Cook County Sheriff's Office are dismissed as Defendants.[1] The Clerk is directed to: (1) send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608; (2) issue summons for service on nominal Defendant Tom Dart by the U.S. Marshal; (3) mail Plaintiff one blank USM-285 (Marshals service) form, a Magistrate Judge Consent Form, and Instructions for Submitting Documents along with a copy of this Order. Plaintiff's motion for attorney representation [4] is denied without prejudice. The United States Marshals Service is appointed to serve the Defendant. The Court advises Plaintiff that a completed USM-285 (Marshals service) form is required for each named Defendant. The Marshal will not attempt service on any Defendant unless and until the required form is received. Therefore, Plaintiff must complete the service forms for nominal Defendant Dart and return that forms to the Clerk of Court in care of the Prisoner Correspondent within 28 days of the date of this Order.

## STATEMENT

*Pro se* Plaintiff Dwayne Towns, a detainee at the Cook County Jail, has brought this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his Fourth Amendment right to a prompt probable cause hearing was violated.

---

[1] While these Defendants do not appear on the docket, Plaintiff names them in the caption of his Complaint.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $14.33. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the Plaintiff's trust fund officer is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the Plaintiff's name and this case number. This payment obligation will follow the Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a threshold review of the Complaint. Plaintiff alleges that on December 30, 2013, he was arrested without a warrant and held in Cook County Jail. Plaintiff contends that as of the date he signed the Complaint, January 28, 2015, he had not had a probable cause hearing before a magistrate. Plaintiff does not provide any information as to what agency arrested him, or why it is that he has not yet had a probable cause hearing. He names as Defendants Sheriff Tom Dart, the Cook County Department of Corrections, and the Cook County Sheriff's Office.

Here, accepting Plaintiff's allegations as true, the Court finds that the complaint articulates a colorable federal cause of action. The Fourth Amendment affords arrestees a right to "'a prompt judicial determination of probable cause as a prerequisite to extended pretrial detention following a warrantless arrest,'" typically within 48 hours of the arrest. *Currie v. Chhabra*, 728 F.3d 626, 627 (7th Cir. 2013) (quoting *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 47 (1991)).

However, the proper Defendants are unclear based on Plaintiff's complaint. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations and internal quotation marks omitted); *see also Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Plaintiff does not allege any facts showing how Defendant Dart was personally involved in the alleged delay of Plaintiff's hearing. Accordingly, the Complaint fails to state a claim against Dart in his individual capacity. The Complaint also fails to state a claim against Dart under a theory of *respondeat superior* because "[u]nder § 1983, there is no *respondeat superior* liability." *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).

That said, courts may allow a case to proceed to discovery against high-level administrators where doing so may help Plaintiff identify the John Does personally involved in the alleged violation. *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Accordingly, Plaintiff may proceed against Defendant Dart nominally, for the sole purpose of identifying the actual Defendants who personally delayed his hearing.

Once Plaintiff has obtained service on Defendant Dart, and an attorney has entered an appearance on his behalf, Plaintiff may send defense counsel interrogatories (that is, a list of

questions) eliciting information regarding the identity of the persons who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns those persons' identities, he may ask leave to amend the Complaint to add them as Defendants. Summonses will then issue for service on Defendants in interest and Dart will be dismissed. Consequently, while Plaintiff may proceed against Defendant Dart, he may do so only in order to assist in identifying the Defendants in interest.

To the extent Plaintiff brings an official capacity claim against Sheriff Dart, an official capacity claim against Dart is considered to be one against the Sheriff's Office. *See DeGenova v. Sheriff of DuPage County*, 209 F.3d 973 (7th Cir. 2000); *see also Aleman v. Dart*, No. 09 C 4069, 2010 U.S. Dist. LEXIS 124088, at *8 (N.D. Ill. Nov. 23, 2010). An official capacity claim is typically a means of challenging an unconstitutional policy, practice, or custom. *See Aleman*, 2010 U.S. Dist. LEXIS 124088, at *8. Here, Plaintiff makes no allegations indicating that the lack of a probable causing hearing was due to an unconstitutional policy, practice, or custom of the Sheriff's Office. Therefore, at this point he cannot proceed with an official capacity claim against either Dart or the Cook County Sheriff's Office. Finally, the Cook County Department of Corrections is not suable legal entity. *See*, *e.g.*, *Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993).

The Court directs the clerk to issue summons for service of the Complaint on nominal Defendant Dart. The United States Marshals Service is appointed to serve Dart. The Court advises Plaintiff that a completed USM-285 (Marshals service) form is required for each named Defendant. The Marshal will not attempt service on the Defendant unless and until the required form is received. Therefore, Plaintiff must complete the service forms for nominal Defendant Dart and return that forms to the Clerk of Court in care of the Prisoner Correspondent within 28 days of the date of this order.

The U.S. Marshal is directed to make all reasonable efforts to serve the Defendant. The Marshal is authorized to send a request for waiver of service to the Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is advised that there is a two-year statute of limitations for civil rights actions in Illinois. *See*, *e.g.*, *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Plaintiff should therefore attempt to identify the John Doe defendants as soon as possible in light of the two-year statute of limitations and applicable tolling rules. *See Bryant v. City of Chicago*, 746 F.3d 239 (7th Cir. 2014).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must send an exact copy of any court filing to the Defendants (or to defense counsel, once an attorney has entered an appearance on behalf of the Defendants). Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the Plaintiff.

Finally, Plaintiff's motion for attorney representation is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the Court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). If so, the court must examine "whether the difficulty of the case--factually and legally--exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as Plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

After considering the above factors, the Court concludes that the solicitation of counsel is not warranted in this case. First, the Plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. In any event, although the Complaint sets forth cognizable claims, Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to this lawsuit. Plaintiff, whose submissions to date have been coherent and articulate, appears more than capable of litigating this matter. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996). Therefore, Plaintiff's motion for attorney representation is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.

Date: 4/6/15                                         /s/ John Z. Lee